THE STATE *ex rel.* ATTORNEY GENERAL v. HEIDORN, *Respondent.*

1. **Revised Statutes**—CONSTRUCTION OF: COUNTY TREASURER—VACANCIES, HOW FILLED. A statutory provision, continued in a revision of the statute laws of the State, is not to be construed as a new enactment at the date of revision, and when it cannot be reconciled with a new provision, will be construed, by virtue of section 3161 of the Revised Statutes of 1879, as repealed thereby.

   Thus, section 4 of chapter 38, entitled "Of County Treasuries," of the Revised Statutes of 1865, page 226, declaring it to be the duty of the county court to fill vacancies in the office of treasurer, was continued in the Revised Statutes of 1879 as section 5365. Section 5527 of the same revision was a new enactment, and provided for the filling of vacancies in State or county offices, other than those excepted, which did not include that of treasurer, by appointment by the governor. *Held,* that the two sections were irreconcilable, and that the former was repealed by the latter

2. ——: ——: ——. The last expression of the legislative will should prevail in case of conflict between it and a previous expression, although both are made at the same session of the legislature.

3. ——: ——. If section 5365 and section 5527 of the Revised Statutes of 1879 were regarded as having been passed and approved at the same date, because passed at a revising session, it would be held that neither could have any effect with respect to the mode of filling a vacancy because they would then nullify each other, and the vacancy would have to be filled by appointment by the governor under section 11, article 5 of the Constitution of 1875.

*Quo Warranto.*

OUSTER AWARDED.

*D. H. McIntyre,* Attorney General, with *Waldo P. Johnson* and *Zach J. Mitchell* for the State.

*Thos. G. Allen* with *David Wagner* and *George W. Royse* for respondent.

HENRY, J.—By this information respondent is charged with having usurped the office of county treasurer of St. Louis county. By his answer he claims to hold the office by virtue of his appointment, on the 27th day of September, 1881, by the county court of said county to fill a va-

cancy in said office occasioned by the death of Frederick A. Heidorn on the 18th day of September, 1881. There was a demurrer to the answer, which presents the question to be determined.

By section 4, page 226, General Statutes of 1865, of the act in relation to county treasurers: "In case of vacancy in the office of treasurer by death, resignation, removal or otherwise, it shall be the duty of the county court to fill such vacancy by appointment, and the person so appointed shall hold his office until the next general election for said county, and until his successor is elected and qualified." That act was revised in 1879 and section 4 retained, with an amendment by which "failure to renew his bond" was added as an additional cause of vacancy in the office. R. S. 1879, § 5365. This revising act was approved April 29th, 1879. The act concerning popular elections was revised at the same session, and the revising act was approved May 22nd, 1879. Section 5527 of the Revised Statutes of 1879 is one of the sections of that act, and is as follows: "Whenever any vacancy, caused in any manner or by any means whatsoever, shall occur or exist in any State or county office originally filled by election by the people, other than the office of lieutenant-governor, State senator, representative, sheriff or coroner, such vacancy shall be filled by appointment by the governor * *." The remainder of the section has no bearing upon the question involved. This is a new section, while, except in the addition of the words "failure to renew his bond," section 5365 is the same as section 4, page 226 of the General Statutes of 1865.

In the *City of St. Louis v. Alexander*, 23 Mo. 509, it was held that "the revision of a law does not have the effect of making the revised law entirely original so as to be construed as though none of its provisions had effect but from the date of the revised law. When a former provision is contained in a revised law it operates only as a continuance of its existence and not as an original act."

In the *City of Cape Girardeau v. Riley*, 52 Mo. 428, the doctrine was again announced that "where a former provision is continued in a revised law, it operates only as a continuance of its existence and not as an original act." The provision by which the county court was authorized to appoint one to a vacancy in the office of the county treasurer was not, therefore, because continued in the revision of 1879, an original act, while section 5527 is an original provision, because found in no act passed at a session prior to the revision of 1879. By section 3160 of the Revised Statutes, it is expressly declared, as previously announced by this court in the cases above cited, that "the *provisions* of the Revised Statutes, so far as they are the same as those of prior laws, shall be construed as a continuance of such laws, and not as new enactments;" and by section 3161: "All acts or parts of acts of a general nature in force at the commencement of the present session of the general assembly and not repealed, shall be and the same are hereby continued in full force and effect, *unless the same be repugnant to the acts passed or revised at the present session.*" There is a conflict between sections 5365 and 5527, which is irreconcilable. The latter section embraces every vacancy in a State or county office, except those named therein, as completely as if every other office had been specifically named. Therefore by the express terms of section 3161 the provision of section 5365 authorizing the appointment by the county court was repealed by the enactment of section 5527.

But if, as contended by respondent's counsel, section 5365 is also to be regarded as a new section by reason of the amendment adding the words "failure to renew his bond," yet section 5527, which is an entirely new section, is contained in an act subsequently passed and approved, and operates to repeal section 5365 by implication. The last expression of the legislative will on a given subject is to prevail where there is a conflict between that and a previous legislative expression on the same subject. Sedgwick

on the Construction of Statutory and Constitutional Law,
p. 104; Potter's Dwarris, 155; *Iverson v. State*, 52 Ala. 170;
*Andrews v. People*, 75 Ill. 605; *People v. Van Nort*, 64 Barb.
(N. Y.) 205.

And conceding for the argument that the two acts are
to be held as having been passed and approved at the same
date, because passed at a revising session, then neither can
have any effect with respect to the mode of filling a va-
cancy, because they nullify each other, there being an
irreconcilable conflict between them, and the vacancy must
be filled by appointment by the governor under section 11,
article 5 of the constitution, which is as follows: "When
any office shall become vacant, the governor, unless other-
wise provided by law, shall appoint a person to fill such
vacancy, who shall continue in office until a successor shall
have been duly elected or appointed and qualified accord-
ing to law."

The demurrer is sustained and a judgment of ouster
will be entered against respondent. All concur.