DART, *Appellant*, v. BAGLEY *et al.*

In Banc, May 9, 1892.

1.    **Sales Under Deeds of Trust:** LEGAL PUBLICATIONS: STATUTE.
Revised Statutes, 1889, section 312, which provides that judges of
certain circuit courts shall constitute boards, for the purpose of
awarding to a newspaper making the lowest and best bid the publica-
tion of " all advertisements, judicial notices and orders of publication
required by law to be made," applies only to publications pertaining
to judicial proceedings, and does not include sales by trustees under
deeds of trust.

2.    **Statute, Construction of:** TITLE.    The title of a statute is to be
considered in its interpretation.

3.    ———: REVISED BILL.    Where a former statute is included in a
revised law, it is to be construed as having its existence continued,
and not as a new act, to take effect from the enactment of the revised
bill.

*Appeal from Jackson Circuit Court.*

AFFIRMED.

*Brumback & Brumback* for appellant.

(1) A notice of a trustee's sale is, and always has been, an advertisement. Bouvier's Law Dictionary, advertisement; 1 American & English Encyclopedia of Law, p. 306; *Commonwealth v. Hooper*, 5 Pick. 42; Webster's Dictionary; The Century Dictionary; R. S. 1889, secs. 7092, 7093. (2) A notice of a trustee's sale, being an advertisement, was, at the time the land was sold under the deed of trust in question, an advertisement which the law of Missouri required should be made. R. S. 1889, secs. 7092, 7093; Laws, 1885, p. 209; *Lawrence v. Loan Co.*, 3 Kernan, 200; *Baldridge v. Walton*, 1 Mo. 520; *Stine v. Wilkson*, 10 Mo. 75; *Siemers v. Schrader*, 14 Mo. App. 346. (3) A notice of a trustee's sale, being an advertisement which the law of Missouri required should be made, is an "advertisement required by law to be made" within the meaning of section 312 of Revised Statutes of 1889. R. S. 1889, secs. 312, 313, 314; Sutherland on Statutory Construction, sec. 267; Sutherland on Statutory Construction, sec. 239; *Schultz v. Railroad*, 36 Mo. 13; *State v. King*, 44 Mo. 283; *State v. Dinling*, 66 Mo. 375; Session Laws, 1879, p. 44; R. S. 1825, p. 125; R. S. 1835, p. 95; R. S. 1845, p. 111; R. S. 1855, p. 180; R. S. 1865, p. 692; R. S. 1879, sec. 320; Sessions Laws, 1883, p. 25; Original Laws, 1889, in secretary of state's office, heading advertisements; *State v. Dolan*, 93 Mo. 467; *State v. Miller*, 100 Mo. 439; *St. Louis v. Alexander*, 23 Mo. 483; *State v. Hudson*, 74 Mo. 410; *Stine v. Wilkson*, 10 Mo. 94. (4) Chapter 2 of Revised Statutes of 1889, and particularly sections 312, 313 and 314 thereof, mean that every advertisement required by law to be made must be made in the paper designated by the judges, unless the parties in interest agree upon some other paper. (5)

There is nothing in the terms of the deed of trust in question, by which the parties agree that the trustee may advertise in any other than the paper designated by the judges. (6) A notice of trustee's sale, not being published in accordance with law, leaves the deed of trust in force, and gives the mortgagor the right to redeem. Pomeroy on Equity Jurisprudence, sec. 1219; American & English Encyclopedia of Law, mortgages, p. 827.

*Ess, Block & Georgen*, also, for appellant.

(1) Deeds are invalid if the advertisements are not made in the paper selected by the circuit court judges. *Baldridge v. Walton*, 1 Mo. 520–525, May term, 1825, of this court, under a deed of trust made in 1817, and sale made in 1823; *Stine v. Wilkson*, 10 Mo. 75, *et seq.*, decision made at March term, 1846, of this court, on facts originating in 1839 and 1840. *Thornburg v. Jones*, 36 Mo. 514, *et seq.* Decision at October term, 1865, of this court, on matters originating in 1859 and 1861. *Powers v. Kueckhoff*, 41 Mo. 425, decided at October term, 1867, of this court; facts originating in deed of trust made in 1856, and sale in 1864. (2) So strong is the requirement of law to advertise a trustee's sale that, if this is not done, his deed is absolutely void, both at law and in equity. *Thornburg v. Jones*, 36 Mo. 514, *et seq.; Powers v. Kueckhoff*, 41 Mo. 425, 430, 431. (3) The statute law of this state has always assumed that an advertisement of trustee's sale is one required by law. R. S. 1845, sec. 1, p. 111; R. S. 1855, sec. 1, p. 180; R. S. 1865, sec. 6, ch. 174, p. 692, title 36; R. S. 1879, sec. 319, p. 47; R. S. 1889, p. 177. (4) A trustee's advertisement of sale is one required by law to be made, and to be proved by affidavit. That an affidavit is good proof

Dart v. Bagley.

of publication is admitted by this court, or assumed in
*Bank v. Stumpf*, 73 Mo. 311, 314, 315. Such is the
general understanding of the bar and the country.
Unless the law requires the advertisement, the affidavit
is not evidence. (5) The statute is evidently a reme-
dial statute, and should be liberally construed to
advance the remedy (making sales as public as possi-
ble and as cheap as possible), and suppress the mis-
chief. A sale of land by a trustee is just as much
within the mischief provided against by this statute as
a sale by a sheriff, and is, therefore, within the remedy.
Endlich on Interpretation of Statutes [Ed. 1888] sec.
27, p. 35; *State ex rel. v. County Court*, 41 Mo. 254,
*et seq.*

*O. H. Dean* and *Henry Wollman*, for respondents.

The statute does not apply to trustees' sales or cor-
poration notices for the following reasons: *First.*
Because if this statute gives the circuit judge a right
to make contracts which shall fix the price to be paid
by a trustee for publishing a trustee's sale, which is not
made under any order of court, or to be paid by corpor-
ations for publishing their notices made necessary in the
transaction of their corporate business, and not con-
nected with any court proceedings, it is unconstitutional,
in that it confers jurisdiction on courts in matters that
are not judicial, and is, therefore, in excess of the
powers which, under the constitution of Missouri, courts
are permitted to exercise. *Second.* The act itself is
entitled "An act to provide for the publication of
judicial notices," and, consequently, if it assumes to deal
with anything more than the subject of the act, it would
be unconstitutional in that far, and notices of trustees'
sales and corporation notices are not judicial notices to
which the title confines the operation of the act.

*Third.* The act of itself does not require the publication to be made in such newspaper. While it provides that the circuit judges shall let a contract for the publication of notices, it does not require that the notice shall be published in such newspaper, and the most that can be said for it is that it is directory and not mandatory. *Fourth.* From the wording of it, and when construed in connection with other sections of the statutes, it cannot apply to trustees' sales and corporation notices.

*Boyle & Adams* and *H. A. Clover*, also, for respondents.

GANTT, J.—This was an action brought by the appellant to redeem certain real estate from a sale made under a power contained in a deed of trust.

The appellant, in September, 1891, made his deed of trust to the respondent, Bagley, as trustee, to secure a certain note therein described, payable to the order of respondent Bunker. The note was not paid at maturity. The power in the deed provided that Bagley might, upon such contingency, sell the land conveyed at public vendue, after first giving "twenty days' public notice of the time, terms and place of sale, and of the property to be sold, by advertisement in some newspaper printed and published in the City of Kansas, Missouri."

At the time the deed of trust and the sale thereunder were made, Revised Statutes, 1889, were in force, of which statutes, sections 312, 313 and 314, in relation to advertisements, are as follows: "Sec. 312. *Advertisements to be let, when and how.*—In all cities having a population of more than one hundred thousand inhabitants, a board consisting of the judges of the circuit court of such cities, or of the judicial circuit in which

such city is situated, or a majority of the same, shall, on or before the first day of January, 1890, and every two years thereafter, cause to be published in some daily newspaper of said city a notice of at least twenty days, designating when and where said board will receive sealed proposals from daily newspapers published in said city for the publication of all advertisements, judicial notices and orders of publication required by law to be made. At the time and place so designated, said board, or a majority thereof, shall proceed publicly to open said bids, and shall award the printing of all said publications to the newspaper naming the lowest and best bid. Provided, however, first, that said bid shall be accompanied by a good and sufficient bond, in the sum to be fixed by said board, conditioned for the correct and faithful publication in said newspaper of all said advertisements, notices and orders, in manner and form as required by law, and according to the schedule of rates named in said proposal, and upon said bond suit may be instituted in the name of the state, to the use of any person aggrieved; *second*, that no paper shall be awarded the contract for said publication, unless it have a *bona fide* daily circulation of at least three thousand copies; *third*, that in case said board shall believe that said bids are not sufficiently definite or specific, or that in consequence of combinations, or from any cause, said bids are unreasonably high, it shall be at liberty to reject all proposals, in which case it shall proceed at once to readvertise for proposals, as hereinbefore provided.

"Sec. 313. *Proceedings when contract expires*.—In case said award for said publication shall not be made until after the then existing contract for said printing shall have expired, the parties interested may, or in case of proceedings pending in court the clerks thereof shall, designate in what newspaper the publications required

in the meantime to be made shall be printed; and provided, further, that in case of the suspension of the newspaper to which such contract shall have been awarded, or in case the said contract shall determine from any cause, the said board may proceed in the manner hereinbefore stated to make a new award of the publication of such notices, without waiting the expiration of two years.

"Sec. 314. *Advertisements, valid when.*—The publication of said advertisements, orders and notices, if made as aforesaid, in the newspaper so designated by said board or clerk, shall be valid and sufficient. *But nothing in this chapter contained shall invalidate a publication of said notices, orders or advertisements published by mutual consent and agreement of parties in interest, in some other newspaper;* but all publications so made and agreed upon shall be as lawful and binding as though made in the newspaper so designated by said board or clerk."

And sections 7092 and 7093 of Revised Statutes of 1889 are as follows:

"Sec. 7092. All sales of real estate under a power of sale contained in any mortgage or deed of trust executed after this article takes effect shall be made in the county where the land to be sold is situated, and not less than twenty days' notice of such sale shall be given, whether so provided in such mortgage or deed of trust, or not.

"Sec. 7093. Such notice shall set forth the date, and book and page of the record of such mortgage or deed of trust, the grantors, the time, terms and place of sale, and a description of the property to be sold, and shall be given by advertisement inserted for at least twenty times, and continued to the day of sale, in some daily newspaper, in counties having cities of twenty thousand inhabitants or more, and in all other counties such notice shall be given by advertisement in

some weekly newspaper published in such county for three successive weeks, the last insertion to be not more than one week prior to the day of sale; and, if there be no newspaper published in such county or city, such notice shall be published in the nearest newspaper thereto in this state; provided, that nothing herein contained shall be construed to authorize the giving of any shorter notice than that required by such mortgage or deed of trust.''

For more than one year before January 1, 1890, and at the time of making said deed of trust and sale thereunder, the City of Kansas was a city in the state of Missouri, having a population of more than one hundred thousand inhabitants, and situate in the twenty-fourth judicial circuit of said state.

On the first day of January, 1890, in due form, and taking all the steps prescribed by section 312, Revised Statutes, 1889, *supra,* the judges of the twenty-fourth judicial circuit, acting as a board, duly let to the *Kansas City Times,* a newspaper of the kind prescribed in said section, the publication of ''all advertisements, judicial notices, and orders of publication required by law to be made,'' mentioned in said section 312, and the newspaper duly executed its contract and bond to publish the same for two years from that date. This contract was in force, and said newspaper being published regularly at the time the respondent Bagley made the sale under the deed of trust, as hereinafter set out.

After default in the payment of the notes secured by the deed of trust, Bagley, as trustee, proceeded to sell the land conveyed by the deed, and published the advertisement of sale in the *Kansas City Daily Journal,* a daily newspaper printed and published in Kansas City, Jackson county, Missouri. At the sale the

respondent Hawk bought the land· and got a deed from the trustee.

All the proceedings in regard to sale, except the publication in the *Journal*, were regular and in due form.

The appellant filed his petition in the court below, alleging the above facts, and a tender on his part of the money due, an offer to keep the tender good, a refusal of reconveyance, and prayed for a judgment allowing him to redeem the land. To this petition the respondents filed separate demurrers upon the ground that the petition did not state facts sufficient to constitute a cause of action. All these demurrers the court sustained, and to this action the appellant excepted, and now assigns the same as error.

### OPINION.

The appellant claims the advertisement made by the trustee was, in point of law, no advertisement at all, because not published in the newspaper to which the judges of the circuit court of Jackson county had awarded the publication of all "advertisements, judicial notices, and orders of publication required by law to be made." In other words, that a notice of a trustee's sale is an advertisement required by law to be made within the meaning of section 312, Revised Statutes, 1889, and is a nullity if not published in the newspaper so designated by the judges.

On the contrary the respondents contend, that said section has no reference to a trustee's sale; that it was the intention of the legislature to impose upon the circuit judges of the city of St. Louis and Jackson county the duty of providing for the publication in one newspaper in said city and county judicial notices alone; that if the section is to receive a construction

requiring the judges to let contracts for publications other than those pertaining to the administration of their offices as judges, it was unconstitutional. And, moreover, that in no event is the sale involved in this cause void because said section of its own force is only directory, and nowhere declares a sale or notice void because not published in the paper so selected.

There are many canons of construction, but they all rest upon the common principle that if possible the intention of the legislature must be ascertained. These rules are only valuable when they subserve this purpose. One of these rules of construction, long established in England, was that "the title cannot be resorted to in construing the enactment." *Hunter v. Nockolds*, 1 McN. & Gord. 651. But in this state and others, where the constitution gives a peculiar significance, and assigns particular importance to the title by requiring that a statute shall contain but one subject "which shall be clearly expressed in its title," this common-law canon is clearly at variance with our methods of interpretation. On the contrary, we hold that the title is necessarily a part of the statute and aids in, and is a necessary guide to, its right construction. Endlich on Interpretation of Statutes, secs. 58, 59, and cases cited.

So it was said in *Conn. Mut. Life Ins. Co. v. Albert*, 39 Mo. 181: "But the better rule, as we think, is to presume that the true intent and meaning is be found in the title, unless it is plainly contradicted by the express terms of the body of the act."

This section, 312, was first incorporated into the laws of this state by an act of the legislature approved May 14, 1879. Session Acts, 1879, p. 43. The title to the act was "An act concerning the publication of judicial notices in cities having more than one hundred thousand inhabitants." And the sub-title to section

1 was "Proposals for publishing *judicial advertise-
ments.*" Looking to the title of the original act, then,
for the will of the legislature there is little room for
doubt, that the law-makers had in mind those notices
that pertained to the administration of justice in and
by the courts, and nothing else. And when, in the
next year after its enactment, the constitutionality of
the act was drawn in question, it was evidently the
opinion of this court this act pertained to judicial
advertisments only. *State ex rel. Lionberger v. Tolle,*
71 Mo. 645.

In 1883, this act was amended so as to permit the
judges to let the contract for printing without competi-
tion. In 1889, it was again amended so as to restore
it substantially as it was originally adopted. It is
argued by respondent, and we think justly, that when
the legislature restored the act as it originally existed,
they are presumed to have done so, knowing the inter-
pretation given by this court, and intending to give it
that construction. But it is urged that, when the revis-
ers of 1879 carried the act into the revision of 1879,
they substituted for the old title the new and different
one of "advertisements," a word not to be confined
and restricted to *judicial advertisements*. R. S. 1879,
secs. 320, 321, 322.

Inasmuch, however, as the rule we are now consid-
ering is invoked to ascertain the will of the legislature
when it enacted the law, we see no force in the point;
and, moreover, it has been often ruled by this court
that, "when a former provision is included in a revised
law, it is only thereby intended to continue its exist-
ence, not to make it operate as an original act, to take
effect from the date of the revised law." *City of St.
Louis v. Alexander,* 23 Mo. 483; *Attorney General v.
Heidorn,* 74 Mo. 410; *State ex rel. v. Ranson,* 73 Mo.
78, 93; *Kamerick v. Castleman,* 21 Mo. App. 590.

This seems to be conceded by counsel for appellant, so far as the revision of 1879 is concerned, but they attach a greater significance to the revising act of 1889. We do not. We think the evident purpose and design of the legislature in 1889 was to restore the original act of 1879, and carry it into the revision of 1889. It has never been supposed that these revisions have the effect of breaking the continuity of the laws brought into them from former revisions or session acts.

Section 6606, Revised Statutes, 1889, expressly provides, "the provisions of the Revised Statutes, so far as they are the same as those of prior laws, shall be construed as a continuation of such laws, and *not as new enactments*." *City v. Tiefel*, 42 Mo. 590; *City v. Riley*, 52 Mo. 428.

But we would not be understood as holding that the title of an act is the *only* guide to the intention of the legislature. The intention is to be gathered "from a view of the whole and of every part of the statute, taken and compared together." If we scan section 310, *in pari materia*, we find that "all advertisements and orders of publication required by law to be made, shall be published in some newspaper published and circulated in the county in which the *proceedings are had*, to which such advertisements *and orders of publication* shall pertain." According to this section its usual and ordinary meaning, we think it refers to proceedings in the courts. Orders of publication do not pertain to any, except legal proceedings. And, in section 310, the use of the words, "or made in conformity with any deed of trust," was entirely useless, if the legislature intended the word "advertisements" should include a trustee's sale, when used in section 312. So that, applying the maxim *"noscitur a sociis,"* we think the context very clearly shows that the "advertisements" meant were those pertaining to legal or judicial proceedings. And

again: "There is a general rule of construction applicable to all writings, constitutions, statutes, contracts and charters, public or private, and even to ordinary conversations, that general and unlimited terms are restrained and limited by particular recitals when used in connection with them." *Torrance v. McDougald*, 12 Ga. 526; *Miller v. Wagenhauser*, 18 Mo. App. 14; *Grumley v. Webb*, 44 Mo. 444.

According to this canon of construction, the term "all advertisements" in section 312 must be held to be modified by the words, "judicial notices and orders of publications."

This view of the statute relieves us of any discussion as to the power of the legislature to impose upon the judiciary the duty of contracting for the publication of notices of trustees' sales.

The judgment of the circuit court was right, and is affirmed. All concur.