### LANE v. LANE *et al.*, *Appellants.*

### Division Two, January 31, 1893.

1. **Lost Deed**: ESTABLISHMENT OF TITLE: STATUTE: PRACTICE. Under article 4, chapter 159, Revised Statutes of 1889, providing for the establishment of title to real property and the restoration of the record of the same, it is the duty of the trial court to find the facts as to the execution and loss of the deed in question, and, if sufficient to establish such execution and loss, to declare the estate thereby conveyed, and, if the facts are not sufficient to establish the execution and loss of the deed, to so declare and dismiss the petition. (Affirming *Anthony v. Beal*, 111 Mo. 637.)

2. ———: ———: ———: ———. The purpose of the proceeding under the foregoing article is not to try title.

3. **Practice**: IMPROPER EVIDENCE: HARMLESS ERROR. A judgment will not be reversed because of the admission of improper evidence, where the facts sought to be proved thereby are satisfactorily established by competent testimony.

*Appeal from St. Clair Circuit Court.* — HON. D. P. STRATTON, Judge.

AFFIRMED.

*G. A. Neal* for appellants.

(1) Where a written document which becomes material as an instrument of evidence is lost or destroyed, its absence must be satisfactorily accounted for before secondary evidence of its contents will be admitted. The former existence, due execution, sealing, delivery, stamping (if any statute requires a stamp) and loss of such paper must be shown. 13 American & English Encyclopedia of Law, p. 1088. (2) The existence of a lost deed is not shown by the statement of fact that one was made; the manner of its execution must appear as well. *Lampe v. Kennedy*, 56 Wis. 249; *Lofton v. Lofton*, 96 N. C. 94. (3) Secondary evidence of a lost instrument cannot be offered, when the instrument has been purposely destroyed by the party offering the secondary evidence. *Blake v. Noland*, 27 Am. Dec. 126. (4) A conveyance of real estate by a husband to his wife is void at law. Such conveyances are upheld in equity, provided the property is held by the husband in some relation of trust for the wife. Devlin on Deeds, sec. 108; *Frissell v. Rozier*, 19 Mo. 448; *Walker's Adm'r v. Walker*, 25 Mo. 367; *Woodsworth v. Tanner*, 94 Mo. 124. (5) An equitable right cannot be had in an action at law. *Walker's Adm'r v. Walker*, 25 Mo. 367; *Ells v. Railroad*, 40 Mo. App. 165. (6) Delivery of deed, to be effective, must be with assent of grantee. *Standiford v. Standiford*, 97 Mo. 231. (7) To constitute a valid delivery there must be present intention on the part of the grantor and grantee to pass the title *eo instanti*. *Scott*

*v. Scott*, 95 Mo. 300; *Huey v. Huey*, 65 Mo. 689; 2 Devlin on Deeds, 262; *Ells v. Railroad*, 40 Mo. App. 165; *Tyler v. Hall*, 106 Mo. 313. (8) Mary A. Lane was not a competent witness, she being a party to a contract, when the other party to the contract was dead. Revised Statutes, sec. 8918; *Weir v. Thieman*, 90 Mo. 433.

*John H. Lucas* for respondent.

(1) The object of this proceeding was to establish the fact that James A. Lane made, executed and delivered to Mary A. Lane a warranty deed for the property in controversy, and that such deed had been destroyed before being placed on record. The evidence sufficiently established these facts and the court made a finding accordingly. *Anthony v. Beal*, 111 Mo. 637. (2) There was no error in the action of the court concerning the evidence of the plaintiff. When upon a view of the whole record it is manifest that the judgment is for the right party it will not be reversed, although errors may have intervened. *Roe v. City of Kansas*, 100 Mo. 190; *Vaughn v. Daniels*, 98 Mo. 230; *Bank v. Armstrong*, 92 Mo. 265; *Young v. Hudson*, 99 Mo. 102. (3) Secondary evidence of the contents of a lost instrument, under the circumstances shown in the case at bar, was admissible under the citation made by appellant. *Blake v. Noland*, 27 Am. Dec. 126. And, in addition thereto, no objection was made on the ground that the evidence was secondary in the trial court, and this court will not consider an objection made for the first time here.

GANTT, P. J.—This is a proceeding by Mary A. Lane, the widow of James A. Lane, deceased, under article 4, chapter 159, of the Revised Statutes of 1889,

.to have the circuit court of St. Clair county hear the evidence and declare the effect of a certain deed which she alleges said James A. Lane executed and delivered to her in the month of September, 1885, whereby he conveyed to her the south half of the southwest quarter of section twelve (12) in township 39 of range 26 in St. Clair county, Missouri, which said deed she alleges has since been destroyed.

Upon their own motion the defendants, the heirs at law of said James A. Lane, were all made parties defendants and denied the execution of the deed and also for a special defense set up that it was obtained by their mother by undue influence over her husband, their father.

The trial court heard the evidence and found the facts as alleged in the petition as to the execution of said deed and its destruction and declared by its decree that the deed conveyed a fee simple interest in the eighty acres to Mrs. Lane, the plaintiff. In other words, the learned circuit judge gave this statute the same construction put upon it by this court in *Anthony v. Beal*, 111 Mo. 637.

The defendants appeal because: *First*. The petition did not state facts sufficient to constitute a cause af action; and because the trial court permitted Mrs. Lane to testify to certain statements of her husband.

I. The first assignment is wholly without merit. The petition states every fact that was necessary.

II. As to the improper admission of Mrs. Lane's evidence an inspection of the record shows that every fact to which she testified was abundantly proven by wholly disinterested witnesses Penn and Taylor. And it would be manifestly improper to remand a cause under these circumstances. The execution and delivery of the deed and the destruction thereof before it was recorded were clearly proven.

There was no evidence of undue influence exercised by the plaintiff over her husband. Nor was there any reason why he should not be allowed to convey her this residuum of his property, which the evidence shows she aided in acquiring, and the issue so tendered was utterly foreign to this proceeding.

· The judgment is affirmed. All concur.