CHARLES DILLBECK, RESPONDENT, v. FRAY JOHNSON, APPELLANT.— — S. W. (2d) —.

In the Springfield Court of Appeals. December 5, 1938.

Rehearing Denied December 20, 1938.

*Omer E. Brown* for appellant.

*Royle Ellis* and *Al Wright* for respondent.

ALLEN, P. J.—Fray Johnson, appellant herein, as plaintiff filed an action in the Circuit Court of Barry County against respondent Charles Dillbeck and others, to quiet title to certain real estate located in Barry County, Missouri. This action was brought under Section 1520, Revised Statutes of Missouri, 1929. Service was had upon all defendants in this suit by publication. The cause was returnable to the November Term, 1935, and on the 11th day of November, 1935, a judgment and decree by default was rendered in favor of the plaintiff, appellant here, which judgment and decree was in accordance with the petition to quiet title to the land. The decree was thereafter duly recorded in the recorder's office of Barry County. Thereafter on the 18th day of May, 1938, Charles Dillbeck, respondent, filed his petition for review of the default judgment obtained by Johnson.

This petition was filed more than two years, but within three years, from the date of said judgment. Proper service of the petition for review was had on Johnson and in the course of the proceedings an amended petition for review was filed by Dillbeck. Appellant, Johnson, filed a demurrer to the amended petition for review which was overruled by the trial court and he then later filed an answer to the amended petition for review. The amended petition for review is as follows:

"Plaintiff states by way of first amended petition that on the 14th day of November, 1935, and within three years prior to the institution of this suit, a certain judgment was rendered against him in this court in favor of defendant. That said suit was one instituted in this court by defendant against plaintiff and others, the nature and general object of which was to quiet, determine or adjudge the title to the following described real estate situate in Barry County, Missouri, to-wit:

"All of the North Half of the North East Quarter of Section 35; also the West Half of the North West Quarter and the North West Quarter of the South West Quarter of Section 36, all in Township 24, Range 27, containing in all 200 acres more or less.

"Plaintiff states that in said petition filed by said defendant against this plaintiff, that defendant alleged among other things as follows:

" 'Plaintiff states that he holds title in fee simple to the following described real estate, located in Barry County, Missouri.' (Then described the above real estate.) Further, 'Plaintiff further states that the defendants are nonresidents of Barry County and that their residence is unknown to plaintiff herein, and that by reason thereof the ordinary process of law cannot be served upon them.'

"That an affidavit to said petition was made to said petition by Omer E. Brown, attorney for this defendant, plaintiff therein, and that upon such allegation and affidavit an order of publication was issued to notify this plaintiff, defendant therein, of the pendency of said action and that publication was thereafter made in the Monett Times, a newspaper published in Barry County, Missouri, same being returnable to the November, 1935 Term, of this Court.

"That at said November Term, 1935 of this Court this plaintiff having no knowledge of the pendency of such action did not appear, that he had not been served with any summons or process in said cause, that he had not been made a party as the representative of any one who had been summoned in said cause, or who appeared in said cause, that the petition of said Fray Johnson, this defendant, was and is untrue in a material matter in the following particulars, to-wit:

"1. That said defendant's petition, therein plaintiff, in said cause was one to try, ascertain and determine the title of plaintiff therein, Fray Johnson, and defendant therein, Charles Dillbeck, in and to

the land hereinbefore described, and to attempt to divest said defendant of any title to said lands.

"That said petition alleges that Fray Johnson is the owner of said lands in fee simple, which allegation is and was at said time untrue.

"2. That in said petition it was alleged that defendant, Charles Dillbeck was a non-resident of Barry County, Missouri, and that Fray Johnson did not know his place of residence, and that said Charles Dillbeck could not be served by ordinary summons in this State, which averment was untrue.

"Plaintiff states that at the time of the institution of said suit, and now does he have a meritorious defense to said suit in this: That at the time of the institution of said suit that this plaintiff was the owner of the lands hereinbefore described in fee simple, the same having been conveyed to him by his father, John Dillbeck and ———— Dillbeck, his mother.

"That as appears by the records of this Court, and the instruments on file in the Recorder's Office, Barry County, Missouri, the said Fray Johnson purports to claim title to said lands by reason of an execution sale made by the Sheriff of Barry County, Missouri, said execution being against John Dillbeck and that plaintiff herein purports to be the purchaser at said execution sale. But by way of defense to said claim of this defendant, plaintiff states and shows to the court, that after the conveyance to this plaintiff by John Dillbeck of the above described real estate, that said Fray Johnson, who at all times herein mentioned was acting for the State Finance Commission of Missouri, did institute suit against said John Dillbeck and did thereafter obtain judgment, that thereafter the said John Dillbeck did file a petition in bankruptcy, wherein said estate was duly administered and said judgment was duly listed, and that John Dillbeck was therefrom duly discharged, and that in said bankruptcy proceedings this defendant as judgment creditor did not set aside said conveyance to this plaintiff, nor did he attempt to have same done, so that he is now estopped to question said transfer.

"Wherefore plaintiff prays the Court to set aside said judgment and grant his leave to answer and defend said suit and for all general relief and for his costs."

The trial court on the amended petition for review, as filed, set aside the judgment in favor of Johnson and gave Dillbeck until the next regular term of the court to file his answer in the original cause of action. The trial court refused to hear any evidence on the petition for review.

We are confronted with but one question in this case—was the petition for review governed by Section 1083, Revised Statutes of Missouri, 1929, or by section 1528 thereof? If the petition for review is governed by the former, then it was filed in time, to-wit, three years;

if it is governed by the latter section of the statute it is not in time, two years, and therefore the court would have no jurisdiction to act thereon. In determining this question it is necessary to examine the history of Chapter 7, Article 8, Revised Statutes of Missouri, 1929. Section 1520, Chapter 7, Article 8, Revised Statutes of Missouri, 1929 relates to suits for quieting title to real estate. In its principal features it was enacted in 1897, Laws of Mo. 1897, page 74, and first appeared in the Revised Statutes as Section 650, Revised Statutes of Missouri. 1899. The last paragraph of what is now Section 1520, Revised Statutes of Missouri, 1929, beginning with the words ''and upon the trial of such cause'' was added as an amendment in the year 1909. It was not however, until 1897 that one holding the legal title to real estate, but out of possession thereof, could maintain a suit to ascertain and determine title thereto. [Burkham v. Manewal, 195 Mo. 500, 94 S. W. 520.] The present Sections 1520-1522, Revised Statutes of Missouri, 1929, Chapter 7, Article 8, appeared as Sections 650-652 in the Revised Statutes of Missouri, 1899, while the present sections 1524, 1525 and 1527 to 1531, inclusive, Revised Statutes of Missouri, 1929, Chapter 7, Article 8 appeared as Sections 4565-4571 in the Revised Statutes of Missouri, 1899. These sections were all united in one article and chapter in the Revised Statutes of 1909 and have so remained in the subsequent revisions of 1919 and 1929. They appeared as Sections 2535-2545 of Chapter 22, Article 8, Revised Statutes of Missouri, 1909. In the revision of 1919 they appeared as Sections 1970-1981, Chapter 13, Article 8, Revised Statutes of Missouri, 1919. In the revision of 1929 they appear as Sections 1520-1531, Chapter 7, Article 8, Revised Statutes of Missouri, 1929.

Section 1528, Revised Statutes of Missouri, 1929, provides a two year period of limitation for filing a motion to vacate a judgment by default, in certain suits to perfect title to real estate, against a person who has not been personally served by notice, as provided in section 1525 or who has not entered his appearance or answered as provided in section 1527. Section 1083, Revised Statutes of Missouri, 1929, provides a three year period for filing a motion to set aside a default judgment in certain actions designated in Chapter 5, Article 18, Revised Statutes of Missouri, 1929.

In passing on the question involved we must bear in mind that Sections 650-652, Revised Statutes of Missouri, 1899, are now the present Sections 1520-1522, Revised Statutes of Missouri, 1929, and sections 4565-4571, inclusive, Revised Statutes of Missouri, 1899, are now sections 1524, 1525 and 1527 to 1531, inclusive, Revised Statutes of Missouri, 1929, and that prior to the revision of 1909 there was no question but that an action brought under Section 650, Revised Statutes of Missouri, 1899, to quiet title where a default judgment had been rendered against a party not personally served, was subject to the three period of limitation for filing a motion to vacate such judg-

ment, provided in Section 769, Revised Statutes of Missouri, 1899 (now Section 1083, Revised Statutes of Missouri, 1929), and that in actions brought under Sections 4565-4571, Revised Statutes of Missouri, 1899, section 4568 (now Section 1528, Revised Statutes of Missouri, 1929) governed the period of limitation for filing a motion to set aside a default judgment. With this in mind we can only reach the conclusion that the combining of these sections under one chapter and article in the revision of 1909 does not make actions brought under Section 1520 subject to the two year period of limitation for filing a motion to vacate a default judgment, provided in Section 1528, Revised Statutes of Missouri, 1929, but that the period of limitation for filing a motion to set aside a judgment by default in an action brought under Section 1520, Revised Statutes of Missouri, 1929, is governed by Section 1083, Revised Statutes of Missouri, 1929, which is the section that was previously Section 769, Revised Statutes of Missouri, 1899. Where an existing statutory provision is continued in an edition of revised law, it operates only as a continuance of its original existence and not as an original act, and hence with reference to the other statutes it is to be construed as of the date of its original enactment and not as of the date of the revision. [Miller v. Boulware et al., 184 S. W. 1148; State ex rel. Atty.-General v. Heidorn, 74 Mo. 410; Dart v. Bagley, 110 Mo. 42, 19 S. W. 311; Strottman v. R. R. Co., 211 Mo. 227, 109 S. W. 769; Timson v. Manufacturers Coke Co., 220 Mo. 580, 119 S. W. 565; Corley et al. v. Montgomery et al., 226 Mo. App. 795, 46 S. W. (2d) 283; State of Missouri, ex rel. Standard Fire Ins. Co., of Hartford, Conn. v. Gantt, 274 Mo. 490, 203 S. W. 964.] We therefore hold that the respondent's motion was filed within the time provided by law; was in accordance with and within the time prescribed by Section 1083, Revised Statutes of Missouri, 1929, and that the trial court was not in error in entertaining the motion for the reason that Section 1528, Revised Statutes of Missouri, 1929, refers only to actions brought under Sections 1524, 1525 and 1527 to 1531, inclusive, Revised Statutes of Missouri, 1929, and does not apply to general actions to determine and quiet title brought under Section 1520, Revised Statutes of Missouri, 1929, which actions and default judgments thereon are governed by the period of limitation provided for in Section 1083, Revised Statutes of Missouri, 1929 (Miller v. Boulware, *supra*; State ex rel. Atty.-General v. Heidorn, *supra*; Dart v. Bagley, *supra*; Strottman v. R. R. Co., *supra*; Timson v. Mfg. Coke Co., *supra*; Corley et al. v. Montgomery et al., *supra*; State of Mo. ex rel. Sharp v. Knight, *supra*; State ex rel. Standard Fire Ins. Co., of Hartford, Conn. v. Gantt, *supra*), and therefore the judgment of the trial court in setting aside the judgment obtained by Fray Johnson against Charles Dillbeck and others in the original cause should be affirmed. However, in so holding we find we are in accord with the following cases, decided by the Supreme Court of

748

Missouri: Osage Investment Co. v. Sigrist, 298 Mo. 139, 250 S. W. 39, and Chilton v. Cady, 298 Mo. 101, 250 S. W. 403; but our holding is in conflict with the following cases, decided by the Supreme Court of Missouri: Myrick v. Booten, 304 Mo. 1, 262 S. W. 1038 and Coal Co. v. Dent, 308 Mo. 547, 274 S. W. 30. The cases of Osage Investment Co. v. Sigrist and Chilton v. Cady, *supra*, hold that the three year limitation period for filing a motion to set aside a default judgment applies in a suit to quiet title under a section of the statutes, which is now Section 1520, Revised Statutes of Missouri, 1929, while the cases of Myrick v. Booten and Coal Co. v. Dent, *supra*, hold that the two year period applies as provided in Section 1528, Revised Statutes of Missouri, 1929. Therefore the cause is certified to the Supreme Court of Missouri, to the end that the law may be clarified and unified, for the guidance of the bench and bar in future actions. *Smith* and *Fulbright, JJ.*, concur.