The judgment should be reversed, and the cause remanded.

It is so ordered.

LOZIER and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.

All of the Judges concur.

Adopted as the opinion of the court en Banc.

LEEDY, C. J., DALTON, HOLLINGS-WORTH, WESTHUES and STORCK-MAN, JJ., concur.

HYDE and EAGER, JJ., dissent.

Roger L. STULL, Plaintiff-Respondent,

v.

Donald Seale JOHNSON and Amanda Adeline Johnson, Defendants-Appellants.

No. 44489.

Supreme Court of Missouri.

Division No. 1.

June 13, 1955.

Homer A. Cope, D. C. Briggs, Kansas City, N. Murry Edwards, Ninian M. Edwards, St. Louis, for appellants.

Alexander & Robertson, Louis A. Robertson, St. Louis, Ziercher & Tzinberg, Erwin Tzinberg, Clayton, for respondent.

HYDE, Judge.

Plaintiff obtained a decree (entered May 16, 1952) quieting title to land in St. Louis County, based on an order of publication. On April 2, 1954, the named defendants filed an entry of appearance and a motion to set aside judgment in accordance with Section 527.220. Statutory references are to RSMo and V.A.M.S. Upon motions of plaintiff, subsequent purchasers and mortgagees, defendants' motion to set aside judgment was dismissed without prejudice on the ground that Section 527.220 does not apply; and defendants have appealed.

■ Plaintiff and those claiming under him question our jurisdiction saying that, while the judgment sought to be set aside involves title to real estate, the order appealed from only decided that defendants' motion under Section 527.220 was not the proper method of procedure. They also cite Dillbeck v. Johnson, 232 Mo.App. 743, 122 S.W.2d 412, in which the Springfield Court of Appeals took jurisdiction of a similar proceeding but without discussion of this question. However, in Casper v. Lee, 362 Mo. 927, 245 S.W.2d 132, we held we had jurisdiction of an appeal from an order obtained by a defendant setting aside a judgment cancelling a foreclosure sale and deed and declaring title to be in plaintiff. The purpose of a proceeding to set aside a judgment, declaring title to real estate to be in plaintiff, is to take the title established thereby out of plaintiff and to have a trial in which it may be determined that he has no title. The only issue sought to be adjudicated is title and, therefore, title to real estate is involved within the meaning of Sec. 3, Art. V, Constitution, V.A.M.S. See Garrison v. Schmicke, 354 Mo. 1185, 193 S.W.2d 614; see also Herriman v. Creason, 352 Mo. 1176, 181 S.W.2d

502. We, therefore, hold that we have jurisdiction.

■ It is also clear that Section 527.220 has no application to the situation herein. It provides a remedy applicable only to the proceeding authorized by Section 527.190 for persons, whose deeds or the record thereof have been lost or destroyed, to obtain a decree establishing title based on such deeds. Such a decree is conclusive against persons who appear and answer or who have been personally served, Sec. 527.210, and is also conclusive against persons (not under disability) "if no motion to open such proceedings shall be made within two years from the entering of such decree". Sec. 527.220. These provisions are part of an Act of 1868, Laws 1868, p. 127; see also Laws 1873, p. 48, entitled "An Act to re-establish evidence of title to Real Property, * * *." Now Secs. 527.190–527.240. Until 1909, they were in a separate article, entitled "Establishing Land Titles", in the Chapter on "Testimony, Perpetuation of." Art. 4, Chap. 59, R.S. 1899, Secs. 4565–4571. In 1909, these sections were made part of Article 8, entitled "Land Titles, Actions to Establish Evidence of and to Perfect" in Chapter 22 entitled "Civil Procedure—Particular Actions." It has been in the same article with quiet title actions since then. This arrangement is confusing because this Court in Anthony v. Beal, 111 Mo. 637, 20 S.W. 326, held this Lost Deed Act did not create an action to try the title to real estate between conflicting claimants; but instead, in a proceeding under it, the Court was limited to a finding of the facts found to be true, touching the execution of a deed and its loss, and to a determination of whether or not those facts were sufficient to prove the execution of the deed and its loss; and if found sufficient to declare the estate or interest thereby conveyed or if found not to be sufficient to dismiss the case. See also Lane v. Lane, 113 Mo. 504, 21 S.W. 99; Thomas v. Scott, 214 Mo. 430, 113 S.W. 1093, 221 Mo. 271, 119 S.W. 1098. This Court overlooking these decisions, in Mirick v. Booten, 304 Mo. 1, 262 S.W. 1038, applied Section 527.220 (then

Section 1978 R.S.1919), and the procedure authorized by it, to a quiet title suit; and this was followed in Rutledge & Taylor Coal Co. v. Dent, 308 Mo. 547, 274 S.W. 30. However, these cases were overruled in Dillbeck v. Johnson, 344 Mo. 845, 129 S.W.2d 885, in which we held the proper procedure to set aside a default judgment quieting title (rendered without personal service) was by petition for review under Sections 511.170–511.240. We, therefore, hold the trial court correctly ruled that Section 527.220 does not apply to the situation in this case.

 Defendants further contend that even if we should hold that Section 527.220 is not applicable in this cause, their motion should be considered as a petition for review, citing Marshall v. Hill, 246 Mo. 1, 151 S.W. 131; Santa Fe Car Icing Co. v. Kemper, 166 Mo.App. 613, 149 S.W. 1163; Osage Inv. Co. v. Sigrist, 298 Mo. 139, 250 S.W. 39; Chilton v. Cady, 298 Mo. 101, 250 S.W. 403; Garrison v. Schmicke, 354 Mo. 1185, 193 S.W.2d 614. "The petition for review is of the nature of an independent action". Dillbeck v. Johnson, supra, 129 S.W.2d, loc. cit. 886. It is required by Section 511.210 to be served "in like time and manner as provided for the service or giving of notice in case of an original petition". The motion in this case was filed as a motion in the original case and not as an independent action. A notice of filing a motion, stated to be "in accordance with Section 527.220", was served on the parties named in the motion by a person who was not an officer. See Section 506.140. Plaintiff and other parties, in a motion to dismiss, specifically made the objection that Section 527.220 was not applicable. This objection was combined with other grounds as authorized by Section 509.340 but the dismissal was solely on that ground. Defendants stated in their motion that they were invoking Section 527.220 and the other parties raised the issue that this procedure was not applicable. Thus this question was directly raised and ruled and this was done at a time when defendants still had almost a year, under Section 511.190, to file a petition for review. Furthermore, it does not appear that defendants ever asked the trial court to consider their motion as a petition for review or to allow them to proceed with that kind of a proceeding.

In the Marshall case, 246 Mo. loc. cit. 20–21, 151 S.W. 131, 137, it appears that the defendants in the original quiet title suit had filed a petition in the nature of an equitable action (alleging fraud) which the court held complied with all the requirements of a petition for review. The question raised was that the petition brought in an additional party and transferred one of the original parties to the other side. It was said that "The statute does not seek to control the arrangement of the parties", was "highly remedial", and "must necessarily accommodate itself to the needs and practice of every proceeding that comes within its scope." The petition in that case was considered as a petition for review but it certainly was commenced as an independent action and proceeded as such. In the Santa Fe Car Icing case, what the court said, 166 Mo.App. loc. cit. 618, 149 S.W. 1163, must be construed as meaning that a petition for review was the only available remedy in the situation presented and that the pleading filed did not meet the requirements of such a petition. In Osage Inv. Co. v. Sigrist, the petition, set out in 250 S.W. loc. cit. 39–40, was a true petition for review meeting the statutory requirements; and this was also true of the petition in Garrison v. Schmicke, supra. In Chilton v. Cady, the petition, 250 S.W. loc. cit. 404, was like that in the Marshall case in the nature of an equitable action based on fraud. The Court held therein that it also could be considered as a petition for review. These cases are not in point; but it appears from the record in this case that defendants have filed a suit in equity seeking the same relief, against the judgment in the quiet title suit, that they sought in their motion herein. Stated as another ground for dismissal of their motion. See Section 509.290. Certainly, if their petition in that case complies with the requirements of Section 511.200, it could be considered as a petition for review and afford defendants whatever relief they would be entitled to

have under such a petition. However, it should be noted that we said in Rogers v. Dent, 292 Mo. 576, 239 S.W. 1074, 26 A.L.R. 615, that the rights of innocent purchasers would not be prejudiced by setting aside a judgment upon a petition for review. See also 3 Houts Missouri Pleading and Practice 21, Sec. 571; 31 Am.Jur. 320, Sec. 796; 49 C.J.S., Judgments, § 306, p. 558, § 337, p. 680. The persons claiming under plaintiff herein allege that they are innocent purchasers.

The judgment of dismissal is affirmed.

All concur.