## M. S. MIRICK v. UNKNOWN HEIRS, DEVISEES, etc., OF STEPHEN BOOTEN; MRS. M. F. SUMMERVILLE, Movent, Appellant.

### Division Two, June 5, 1924.

1. **QUIETING TITLE: Judgment Upon Publication: Reopening.** In a suit to quiet title brought against unknown heirs, by order of publication, an unknown heir, who had no actual notice of the pendency of the suit, has a statutory right to appear within two years after the rendition of judgment in favor of plaintiff, and to move that such proceeding be opened and his rights determined; and a proper motion being filed within two years and timely notice thereof given, it becomes the duty of the court to consider the evidence offered in support of the motion, and to determine the movent's rights upon the merits.

2. ————: **Judgment in Excess of Petition.** Where plaintiff's petition to quiet title alleges that the owner of land died intestate leaving seven children, and that five of said children sold and conveyed all of said interest to him, he is entitled to a decree adjudging him to be the owner of only an undivided five-sevenths interest in the land.

(1)

3. ————: **Judgment Against Unknown Heirs.** A judgment in a suit to quiet title brought, by publication, against unknown heirs, by which the interest of such heirs was decreed to belong to plaintiff, will not only be opened upon a proper motion filed, within two years after its rendition, by an unknown heir who had no actual knowledge of the petition, but where plaintiff's petition alleged that only five of the intestate owner's seven children had sold and conveyed to him and the evidence clearly establishes that the movent was one of the seven children who had not conveyed her seventh interest, the judgment will be set aside and a new judgment entered adjudging the plaintiff to be the owner of an undivided five-sevenths interest and the movent of an undivided one-seventh, and the entire costs be adjudged against the plaintiff.

Headnote 1: Judgments, 34 C. J. sec. 675. Headnote 2: **Quieting Title,** 32 Cyc. 1380; Headnote 3: **Quieting Title,** 32 Cyc. 1380, 1382; Costs, 15 C. J. secs. 603, 605.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling McCarty,* Judge.

REVERSED AND REMANDED *(with directions).*

*W. H. Spencer, S. I. Stiles* and *Sam J. Corbett* for appellant.

(1) The court erred in dismissing movent's motion to open the proceedings and modify the decree, and in disregarding the express mandate of the statute. Secs. 1976, 1978, 1980, R. S. 1919. (2) The judgment is for the wrong party, and should have been for the movent, decreeing to her an undivided one-seventh interest in the land in question. Phillips v. Broughton, 270 Mo. 365. Plaintiff could not contradict the allegations of his petition. Wilson v. Albert, 89 Mo. 537; Weil v. Posten, 78 Mo. 284; Kuhn v. Weil, 73 Mo. 213.

RAILEY, C.—There was filed in the Circuit Court of Pemiscot County, Missouri, a suit to quiet title, brought by M. S. Mirick, as plaintiff, against the unknown heirs, etc., of Stephen Booten, deceased, returnable to the March term, 1920, of said court. Said peti-

tion alleged that plaintiff was the true and lawful owner, in fee simple, of the following described land located in Pemiscot County aforesaid, to-wit: All of the south-west quarter of the southwest quarter of Section 9, Township 16, North, of Range 11, East, containing forty acres more or less. Said petition further alleges that plaintiff verily believed that there are persons interested in the subject-matter of his petition, and who apparently have, or claim to have rights, titles, interests or estates in and to the land aforesaid, whose names he could not insert in said petition, because their names were unknown to him, and were not ascertainable after diligent search and inquiry.

It is further alleged that said parties defendant, whose names are all unknown as aforesaid, derived or claim to derive, their apparent rights, titles, interests or estates in and to said land, as the consort, heirs, etc., of Stephen Booten, deceased; ''that Stephen Booten at one time owned the above described land and died intestate, leaving said land to his wife and six children; that his said wife died before said land was partitioned; that one of said children above mentioned has not been heard of nor seen for more than nine years, and that the remaining five children sold all of their right, title and interest in and to said land to the plaintiff.'' It is further alleged that the defendants, named as such in said petition, claim their respective rights and titles by inheritance from said Stephen Booten, and that plaintiff has acquired all the rights and titles that Stephen Booten ever had in said lands by mesne conveyances, and that plaintiff is now the owner of the land aforesaid; that the claims and titles of said defendants are hostile, prejudicial to plaintiff, and utterly unfounded. The petition concludes with a prayer, in which the court is asked to ascertain and determine the title to said land, etc. Said petition was sworn to by B. A. McKay as attorney for plaintiff.

Von Mayes was appointed attorney for said unknown defendants and, as such, filed an answer in said cause,

denying each and every allegation of the petition, except that said unknown defendants claim some right, title and interest in the land aforesaid, and prayed judgment accordingly.

The abstract of record recites that the judgment is in the usual form in cases to quiet title. It shows the appointment of Von Mayes as attorney for the unknown defendants, the filing of his answer, and the allowance of his attorney's fees. It further shows service on unknown defendants by order of publication, in the Pemiscot Argus; that title to said land was decreed to be in plaintiff, and that said unknown defendants had no title or interest therein.

Said judgment was rendered on the 15th of April, 1920, during the March term, 1920, of the Circuit Court of Pemiscot County. Thereafter, on November 15, 1920, and at the regular November term, 1920, of said court, the movent, Mrs. M. F. Summerville, filed her motion in the foregoing cause, and alleged therein, in substance, that she is an heir at law of Stephen Booten, deceased, heretofore mentioned, and claims an interest in said real estate as such heir; that she is entitled, as such heir, to an undivided one-seventh interest in the land aforesaid, and was so entitled at the time of the rendition of the judgment aforesaid; that she was not made a party to said suit by name, but was described as being unknown; that she was never personally served with any notice before the rendition of said judgment as provided in Section 2540, Revised Statutes 1909, did not enter her appearance in said cause, nor did she answer plaintiff's petition, as provided in Section 2541, Revised Statutes 1909; that she had no knowledge of the pendency of said suit, nor of the rendition of said decree, until long after the adjournment of the March term, 1920, of the Circuit Court of Pemiscot County, at which term said decree was rendered. She alleges that the allegations of plaintiff's petition are untrue in the following particulars: Said petition alleges that plaintiff is the

true and lawful owner of said land, that he was seized
and possessed in fee-simple of said land, and that the
unknown heirs of Stephen Booten, deceased, had no title
or interest therein, when in fact said plaintiff did not
own said land in fee-simple, but the same was held by
him under several deeds from other heirs of Stephen
Booten than this movent, which deeds conveyed the in-
terest of said other heirs to M. S. Mirick and Ethel
Mirick, who are husband and wife, thereby creating an
estate by the entirety in M. S. Mirick and Ethel Mirick
in and to the interests of said other heirs of Stephen Boot-
en; that said petition was further untrue, in this, it alleged
that this movent had no title or interest in said land, when
in fact, she was entitled to an undivided one-seventh inter-
est therein. She further alleges that at the time of the
rendition of said judgment she had, and now has, a good
defense to said petition in this, to-wit: That she then
owned and now owns an undivided one-seventh interest in
said land as one of the heirs of Stephen Booten, de-
ceased; that she was prevented from making such de-
fense on the trial of this cause, for the reason that she
was and is a non-resident of this State, and had no
knowledge of the pendency of said suit until long after
the term of court at which the cause was tried had ad-
journed; that she was, at the time of said trial, and now
is, a married woman and under the disability of cover-
ture. She further alleges that she has given twenty days
notice, next before the filing of this motion to the said
M. S. Mirick, together with a copy of this motion, there-
by notifying him that said motion would be filed on
November 15, 1920, the first day of the November term of
said court, to open up the proceedings in this cause,
and to modify the judgment heretofore rendered in ac-
cordance with the testimony to be produced on said mo-
tion. The latter concludes with a prayer, in which the
court was asked to open up the judgment aforesaid, and
on the hearing of said motion, and the evidence offered
in support of same, that the former decree should be

modified as rendered on April 15, 1920, according to the evidence adduced herein, and that a decree be entered declaring the movent to be the owner of an undivided one-seventh interest in and to the land aforesaid and for such other relief as may seem just and proper.

The cause was submitted to the court on the above motion, April 13, 1921, at the regular March term, 1921, of said circuit court, and the latter, after hearing the evidence on both sides, took the case under advisement until November 26, 1921, and, on said date, during the regular November term, 1921, rendered judgment on said motion in favor of plaintiff and against this appellant. The court, in its opinion, recites the rendition of the former judgment, the appointment of Von Mayes, as attorney for unknown defendants, and the filing of his answer as such. The judgment on said motion then recites: "that no legal reason or right having been shown by the movent herein why said judgment should be reopened, or any authority vested in the court for so doing, the motion of the movent is denied. Wherefore, it is ordered, adjudged and decreed by the court that the motion of the movent, Mrs. M. F. Summerville, be and the same is hereby dismissed, and for naught held, and the judgment heretofore rendered in this cause at its March term, 1920, be and the same is in all things sustained and confirmed as fully as the same appears of record as of the date of the rendition thereof."

The appellant, in due time, filed her motion for a new trial, which was overruled, and an appeal granted her to this court.

The evidence and proceedings in reference to the trial of appellant's motion aforesaid were properly preserved by a bill of exceptions, in which it appears that timely notice was given said plaintiff, as to filing of the above motion, which is in proper form.

Appellant offered in evidence the petition in the case of Mirick v. Unknown Heirs of Stephen Booten, deceased, the substance of which is heretofore stated; the

proof of publication, which was in the usual form of the publications in suits to quiet title against unknown defendants; and the original decree, heretofore described. The appellant also offered in evidence, a warranty deed from Perry Booten et al. to M. S. Mirick and Ethel Mirick, his wife, conveying an undivided interest in the land in question. It was dated June 12, 1919, and recorded in the above county June 28, 1919. She also offered in evidence a warranty deed from Mary E. Booten-Grubb and husband, to H. P. Bestor, conveying an undivided interest in said land. It was dated June 9, 1919, and recorded in the above county, July 8, 1919. Appellant next offered in evidence a warranty deed from said H. P. Bestor and wife to M. S. Mirick and Ethel Mirick, his wife, conveying their undivided interest in said land. This deed is dated July 15, 1919, and was recorded in Pemiscot County on September 27, 1919. Mrs. Mary E. Booten-Grubb was a daughter of Stephen Booten, deceased.

Mrs. M. F. Summerville, the appellant, testified, in substance, that Stephen Booten, deceased, was her father; that she is a married woman, and is one of seven living heirs of Stephen Booten, deceased, and is the owner of an undivided one-seventh interest in the land in question; that Stephen Booten was twice married, and the movent is his child by his first marriage; that Stephen Booten, in his lifetime, was the owner of the land in question, and is the common source of title; that all of the parties to the above suit claim by, through and under him; that Stephen Booten lived on the land in question for a number of years before his death and died thereon, leaving a widow, and some of his children living with him on said land; that his widow died in May, 1919, and thereafter, in June, 1919, the plaintiff, M. S. Mirick, bought the undivided interests of five of the heirs of Stephen Booten, deceased, paying each of them $1000, or to all of them the total sum of $5000; that he represented to those heirs he bought out that there were

two other heirs he would have to buy out, and he was holding $1000 each for them; that one deed was made to H. P. Bestor, but plaintiff Mirick paid Mrs. Grubb $1000 for her undivided interest in said land, and Bestor deeded the same to Mirick as heretofore stated; that in August or September, 1919, appellant received word by letter from her half-sister, Mrs. Grubb, informing her of the death of the widow of Stephen Booten, and of the fact that the heirs were selling their interests in said land; that appellant, who is a resident of Illinois, came to Pemiscot County, Missouri, and went to see plaintiff Mirick about paying for her interest in said land, which he refused to do; that he said he didn't owe her anything; that with knowledge of the foregoing facts, the plaintiff filed this suit as heretofore shown, and which resulted as above indicated; that appellant had no notice or knowledge of the institution of said suit, or the pendency of same, and was not served with process of summons or notice; that she did not appear to said action or answer in said suit, because she had no knowledge of the filing or pendency of same, nor of the decree rendered therein, until long after the adjournment of the term at which the decree was rendered, and not until shortly before the filing of her motion herein; that said decree was rendered at the March term, 1920, of the circuit court aforesaid, and she filed her motion within two years provided by the statute, that is to say, on November 15, 1920.

The testimony of appellant was corroborated by the evidence of Mrs. Mary Grubb and her husband, of Whitener, Arkansas.

The plaintiff was sworn as a witness and testified in behalf of appellant, that Stephen Booten lived on said land, containing 40 acres more or less, for a number of years before his death; that he had been dead five or six years before the trial of this motion; that the widow of Booten lived on the land for about four years after his death, and died before the commencement of the

above suit; that after the widow's death some of the Booten family were left on this land, and he (plaintiff) bought some of them out; that he claims title to the land through Stephen Booten. On cross-examination plaintiff said he claimed the whole interest, and that when he bought out the five heirs it was his *understanding* the other heirs were dead.

We have set out at great length all the facts presented in the record on this appeal.

I. It is manifest from reading the petition and affidavit attached thereto, in connection with the appointment of Von Mayes as attorney for unknown defendants, that the court below tried the case on the theory that the proceedings herein in regard to service by publication on the alleged unknown heirs of Stephen Booten, deceased, were governed by Section 1776, Revised Statutes 1909 (Sec. 1202, R. S. 1919), which provides that a decree under the circumstances detailed therein, "shall be as final, effectual and binding upon such unknown defendants as if they had been personally served with process and had entered their appearance in the cause, and the court shall allow such attorney a reasonable fee, to be taxed as costs in the case."

*Finality of Judgment.*

The judgment rendered by the court against appellant on her motion aforesaid, after reciting the appointment of Mr. Mayes, as attorney for said unknown heirs in the original suit, and the filing of his answer, contains the following: "No legal reason or right having been shown by the movent herein why said judgment should be re-opened, or any authority vested in the court for so doing, the motion of the movent is denied."

The court thereupon entered a regular judgment of dismissal of appellant's motion aforesaid, and confirmed the former decree in favor of respondent.

The latter filed no brief in this court, but as the facts set up in appellant's motion, as shown by the record, are practically undisputed, we can only account

for the action of the court in dismissing appellant's motion on the theory that the trial court was of the opinion that appellant was concluded under the provisions of Section 1776, Revised Statutes 1909 (Sec. 1202, R. S. 1919), and that notwithstanding the clear and convincing evidence offered by appellant in support of her motion, the court was powerless to grant her the relief sought in the face of Section 1776 supra. The court proceeded upon an erroneous theory of the law as we shall attempt to show in the next succeeding proposition.

II.    The suit was properly brought by plaintiff, under the provisions of Section 2535, Revised Statutes 1909 (Sec. 1970, R. S. 1919), which reads as follows:

**Opening Case.**

"Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property. And upon the trial of such cause, if same be asked for in the pleadings of either party, the court may hear and finally determine any and all rights, claims, interests, liens and demands whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to enforce any such right, claim, interest, lien or demand, and the judgment or decree of the court when so rendered shall be as effect-

ual between the parties thereto as if rendered in any other, different or separate action prosecuted therefor.''

In cases of this character to determine the title to real estate against the unknown heirs of a decedent, the publication against said unknown heirs, is required to be in the form prescribed by Section 1976, Revised Statutes 1919, which reads as follows:

''In all actions instituted under any of the provisions of Sections 1970 to 1981, inclusive, of this article, where it is desired or shall be necessary to notify any defendant by publication of the commencement or pendency of such action, such order of publication, notwithstanding any provision in said sections to the contrary, shall be in substance in the following form, and when so made and given shall in all cases be deemed and held sufficient, to-wit:

''Order of Publication.

''————————, Plaintiff,

vs.

''————————, Defendant.

''The State of Missouri to the above named or described defendant, greetings:

''You are hereby notified that an action has been commenced against you in the ——— court of the county (or city) of ————, in the State of Missouri, affecting the title to the following described lands and tenements, to-wit: (here set out description of property), which said action is returnable on the first day of the next term of said court to be held at the courthouse in the city of ——————— in the county and state aforesaid, on the ——— day of ————, 19—, when and where you may appear and answer or otherwise defend such action; otherwise plaintiff's petition will be taken as confessed and judgment rendered accordingly.''

This section was passed in *1917* (Laws 1917, p. 203).

The *decree* which may be rendered under the foregoing circumstances, is provided for in Section 1977, Revised Statutes 1919, which reads as follows:

''Any person who may claim an interest or estate in said lands adverse to that alleged in the said petition or petitions may appear and answer said petition, and resist the claims of said petitioner or petitioners in and to the said lands, and may also produce and submit such evidence and proof of his estate or interest in the said lands, as he, she or they, or any person acting in his, her or their behalf, may desire, conforming in all respects to the same rules of equity as hereinbefore provided for the government of petitioner or petitioners; and if, upon a final hearing of the petition, the court shall find the allegations of said petition to be substantially proved, it shall order a decree in said cause adjudging said petitioner or petitioners to be seized of an interest and estate in the said land, according to the allegations and prayer of the said petitioner or petitioners, which said decree shall be conclusive against all persons and parties who may appear and answer in said cause, or who shall have been personally served with notice, and shall be prima-facie evidence against all other persons claiming said premises from the time of entering of the said decree.''

In a case like the one at bar, where the unknown heir had no actual notice of the rendition of the decree in favor of plaintiff on March 15, 1920, until after said term of the circuit court had expired, she was authorized to appear and have her rights determined under the provisions of Section 1978, Revised Statutes 1919, which reads as follows:

''Any person claiming any estate or interest in said lands adverse to the terms of said decree, who has not been personally served with notice, as is provided in section 1975, or who has not entered his appearance in the cause and answered the petition, as provided in section 1977, may enter his appearance in said cause at any time within two years after the entry of the said decree, and, on his motion, after giving twenty days' notice to the said petitioner or petitioners, or any person claiming by, through or under him, her or them, said

proceedings shall be opened for the purpose of hearing, upon proof duly taken, any claim of title or interest to or in the said lands which may be produced by the person making said motion; and on hearing such motion, and evidence and proof thereupon submitted, the court shall adjudge the ownership and title of said lands according to the evidence adduced, modifying its former decree as to the evidence and nature of the case shall in justice and equity require; and if no motion to open such proceedings shall be made within two years from the entering of such decree, the same shall be conclusive against all persons claiming an estate or interest in the said lands adverse to the rights of its said petitioner, as defined in said decree, except infants, lunatics and married women, who shall be allowed respectively two years after their disability is removed to appear and enter their motion for opening of their proceedings, and make answer to said petition or petitions.''

Section 1980, Revised Statutes 1919, provides that: ''All proceedings had under sections 1974 to 1981, inclusive, shall conform, when not otherwise expressly provided, as near as may be to the rules and practice in civil cases.''

The appellant, therefore, having filed a proper and timely motion to have the decree entered in behalf of respondent set aside, and to have her rights determined in said proceeding, it was the clear duty of the court to consider the evidence offered under said motion, and to pass upon the merits of said controversy.

III.   Turning to the merits of appellant's motion, we find from plaintiff's petition that he claimed title to the real estate in controversy, though conveyances from five heirs, of Stephen Booten, deceased, who was the common source of title as to said land.

**Merits.**

Said petition alleged: ''that Stephen Booten, at one time owned the above described land and died intestate, leaving said land to his wife and six children; that his said wife died before said land was partitioned; that one of said children above mentioned has not been heard of

nor seen for more than nine years, and that the remaining five children sold all of their right, title and interest in and to said land to the plaintiff.''

The undisputed evidence in support of appellant's motion conclusively shows that the widow of Stephen Booten died in May, 1919, and that thereafter, during the same year, plaintiff bought the undivided interests of five of the Booten heirs, paying $5000 therefor. He acquired no conveyance from the two remaining heirs of Stephen Booten and, hence, as shown on the face of the record, was only entitled to a decree declaring him to be the owner of the undivided five-sevenths interest in the land aforesaid. It appears from the testimony that, at the time of the death of Stephen Booten's widow, there were seven heirs of Stephen Booten still living, each of whom were entitled to the undivided one-seventh interest in the land aforesaid. It likewise conclusively appears from the undisputed evidence that appellant, at the time of the entry of the original decree in favor of respondent, was the owner in fee-simple of an undivided one-seventh interest in the real estate aforesaid, and that she is still the owner of said interest.

We accordingly reverse and remand the proceedings herein, with directions to the trial court to set aside and cancel its order dismissing appellant's motion aforesaid; to re-instate said motion, and to enter an order in the foregoing cause, setting aside the original decree in favor of plaintiff; and to enter a new decree in said cause, declaring plaintiff to be the absolute owner of the undivided five-sevenths interest in the real estate aforesaid and, as a part of said decree, to make an entry declaring this appellant to be the absolute owner of the undivided one-seventh interest in said real estate. It is further ordered, that said decree, when entered, shall award to this appellant her costs incurred in the trial court, and on appeal in this court. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.