# RUTLEDGE & TAYLOR COAL COMPANY v. J. FRANK DENT and GEORGE A. DENT, Appellants.

### Division Two, June 5, 1925.

1. **JUDGMENT: Quieting Title: Constructive Notice: Invulnerable After Two Years.** A decree in an action to quiet title, brought by constructive notice to non-residents, in which the petition, order of publication, decree and proceedings are all in conformity to the requirements of the statutes, and by which the plaintiffs are adjudged to be the sole owners, is final and conclusive upon all parties to the proceedings in two years after its entry, whether the title of said plaintiffs might have then been adjudged to be invalid or otherwise; and a suit for the land, brought by such non-resident defendant, against the plaintiffs who by such decree were adjudged to be the owners of the land, more than two years after such decree was entered, is barred.

2. ———: ———: ———: ———: **Complete Adjudication.** However perfect and complete was the title of the non-resident corporation to the land before the suit for delinquent taxes was brought against it, and however imperfect were the proceedings in the tax suit which resulted in a sale and conveyance of the land by the sheriff to the purchaser, if such purchaser thereafter, by sufficient constructive notice and in the proper court, brought suit against such non-resident to quiet the title, in which he prayed the court that the title and interests of all parties be ascertained and determined, and the court rendered a decree adjudging said purchaser to be the sole owner and quieting the title in him, such decree, rendered against the non-resident which did not appear, became final and conclusive and a complete adjudication of the title, as between such non-resident and the purchaser, in two years after it was entered; and the non-resident, having failed to appear within such two years and to ask that such decree be opened and he be permitted to present his defenses to the action, is forever barred, and cannot thereafter be heard in a suit to investigate the proceedings or judgment in the tax suit, or to assert title contrary to such decree. The purpose of a suit to quiet title is to ascertain, determine and adjudge the claims, interests and estates in the lands of all persons made parties, and the statutes (Secs. 1970 et seq., R. S. 1919) require the court to determine the title and interests of all of them when the petition asks that such be done, and when the petition so prays a decree which adjudges that a non-resident has no title becomes final

and a complete adjudication in two years after it was rendered, although he was notified only by publication and did not appear at the trial, unless within two years he appears and files his motion to open the proceedings.

Citations to Headnotes: Headnote 1: Judgments, 34 C. J. sec. 1363. Headnote 2: Judgments, 33 C. J. sec. 48.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Dalton & Knop* for appellants.

(1) The trial court erred in holding that the judgment in favor of appellants and against respondent, quieting title to the land in question, rendered before the commencement of the present action, in which judgment the court found and decreed that appellants were the owners in fee of said land and that respondent had no right, title or interest in it, was not *res adjudicata.* (2) The question of fact which was actually and directly in issue in the former suit, and was there judicially passed upon and determined by the court which had competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or their privies, in the same court or any other court of concurrent jurisdiction, upon the same or a different cause of action. 23 Cyc. 1215; Edmonston v. Carter, 10 Mo. 515. (a) A judgment between the same parties on the same cause of action is *res adjudicata,* not only on questions actually litigated, but on all questions which could have been litigated. St. Louis v. United Rys. Co., 263 Mo. 387. Seaman v. Seaman, 181 S. W. 22. (b) The doctrine of *res adjudicata* is based upon the principle that there should be an end to litigation and that a

cause of action once duly adjudicated between parties shall protect successful parties against further vexation in regard to it.   Stearns Co. v. Hewes, 256 Pa. 577. (c)   A fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery cannot be disputed in a subsequent suit between the same parties, even if the second suit is for a different cause of action.   Lyons v. Empire Fuel Co., 262 Fed. 465; Ludwick v. Penny, 158 N. C. 104; Herpolsheimer v. Harvester Co., 83 Neb. 53; Foster v. The Richard Busteed, 100 Mass. 409.   (3)   No distinction can be drawn between judgments rendered by default on constructive service and those rendered on personal service, except such as is made by statute allowing to a defendant in a default judgment on constructive service the right to have the judgment reviewed at any time within three years from its rendition.   R. S. 1919, sec. 1532; State ex rel. Smith v. Clarkson, 88 Mo. App. 553; Jones v. Driskell, 94 Mo. 199.   Where a court has jurisdiction to make a valid order for publication of summons, a judgment by default thereon is valid.   People v. Wrin, 143 Cal. 11.   (4)   Where one party to a suit to quiet title in himself and the opposing party shows none, it is the duty of the court to render a decree in favor of the party proving title to the land.   Southwest Land Co. v. Barnett, 240 Mo. 370; Heagy v. Miller, 187 S. W. 889; Charles v. White, 214 Mo. 187; Senter v. Lumber Co., 255 Mo. 602.   (a)   And where a party shows no title in himself he shows no right to oppose judgment in favor of his adversary, if his adversary makes out a prima-facie case.   Skillman v. Clardy, 256 Mo. 322; Dixon v. Hunter, 204 Mo. 380.   (5)   Where service is by publication, even though defendant be a resident of this State, and in the petition it is stated that the defendant is a non-resident, the defendant is bound by the service.   Payner v. Lott, 90 Mo. 681; State ex rel. Smith v. Clarkson, 88 Mo. App. 553; Tooker v. Leake, 146 Mo. 420; Jones v. Driskell, 94 Mo. 190.

*Cope & Cope* for respondents.

(1) Under our statute (Sec. 1770, R. S. 1909) service by publication may be had in the following cases, and none other so far as pertinent in the present instance: First, where the defendant is a non-resident; second, where the defendant is a corporation of another state, kingdom or country, and cannot be served in this State in the manner prescribed in this chapter. In either instance the service by publication is authorized only after the plaintiff has made the allegation in his petition or made affidavit that the defendant falls within the first or second subdivision noted. The first clause applies only to individual defendants. All that is necessary when an individual is defendant is that he be a non-resident. The second clause applies only to corporations. If the defendant is a corporation then the mere fact that it is a corporation of another state is not of itself sufficient; or in other words, if a corporation may be called a non-resident then the mere fact that it is a non-resident is not of itself sufficient. The statute expressly declares that it must be impossible to serve it in the manner prescribed in Chapter 21. A corporation may be a "non-resident" and yet have an officer in the State so that personal service could be had under the provisions of Sec. 1760, R. S. 1909. Jurisdiction of the defendant can be required only by a strict compliance with the statute. Parker v. Burton, 172 Mo. 85. (2) Sec. 1770, R. S. 1909, plainly says that if service by publication is sought to be had on a corporation the plaintiff must allege in his petition or make affidavit that "the defendant is a corporation of another state, kingdom or country, and cannot be served in this State in the manner prescribed in this chapter." Plaintiff in the tax suit made no such allegation; therefore, no jurisdiction was acquired. Service by publication is in no case authorized against a corporation of this State. (3) All the way through the tax suit the name of the defendant was carried simply as "Rutledge & Taylor

Coal Company, Defendant.'' There was no legal entity before the court; therefore no valid judgment could be rendered. A civil action can be maintained only against a legal person, i. e., a natural person or an artificial or *quasi*-artificial person. If there is no legal entity before the court, there is no one against whom lawful judgment can be rendered, and therefore the whole proceeding is void *ab initio*. Weldon v. Fisher, 194 Mo. App. 580. If the defendant company is a corporation, the petition should so state; and if it is a partnership, the names of the persons composing the company should be set out. Van Natta v. Real Estate Co., 221 Mo. 374. In the tax suit in question in this case no one can tell by looking at the record therein whether the defendant was a partnership or a corporation. (4) Actions to quiet title are instituted under provisions of Art. 8, R. S. 1919, and judgments rendered in such cases are conclusive only against the persons and parties who appear and answer in such cause, or who shall have been personally served with notice; and are only prima-facie evidence against all other parties and persons. Sec. 1977, R. S. 1919. This respondent and all the other thousand parties in the quiet title suit were notified only by order of publication; and therefore under the provisions of the statute the decree rendered in the quiet title suit is only prima-facie against them in any event, and is not *res adjudicata*. (5) *Res adjudicata* does not apply unless the subject-matter is the same in both cases; in other words, the same questions must be up for determination in both actions. Fritsch Mach. Co. v. Goodwin Co., 100 Mo. App. 414. In the case at bar the respondent presents but one question for determination, and this one question is the only issue presented in the case; namely, is the tax judgment and tax deed voidable? This question could not possibly have been determined in the quiet title case for the very simple reason that the only way in which the validity of said tax judgments and deed could be reached is by direct attack, such as respondent makes in this instance. Evarts v. Mo. Lbr. Co., 193 Mo. 433.

(6) Quiet title decrees are rarely, if ever, *res adjudicata*
The very statutes which provide for this extraordinary
procedure of quieting title contains an express provi-
sion that the decrees entered in such actions are con-
clusive (in other words, *res adjudicata*) only as to par-
ties personally served or who appear and answer. Sec.
1977, R. S. 1919. Parties notified in any action by order
of publication only are not bound by any adjudication,
unless they appeared and contested the merits of the
case. It is absolutely necessary that the same parties
must have been adversaries in both cases and must have
appeared in both cases in the same capacity before *res
adjudicata* will apply. Perkins v. Goddin, 111 Mo. App.
438; Charles v. White, 214 Mo. 206.

RAILEY, C.—On June 18, 1921, the Rutledge &
Taylor Coal Company, as plaintiff, filed in the Circuit
Court of Dent County, Missouri, a petition against the
above-named defendants, J. Frank Dent and George A.
Dent, which alleges, in substance, that at all times men-
tioned in the petition plaintiff was a corporation, doing
business under the laws of Missouri, and as such capable
of suing, and liable to be sued; that on December 24,
1909, plaintiff purchased from one W. P. Robertson and
wife all of the west half of northwest quarter of Section
13, Township 34 north, Range 4 west, in Dent County
aforesaid, and filed their deed for record in said county
on March 17, 1910, which was recorded in Book 50 at
page 198; that plaintiff has never parted with its title
aforesaid and is still the legal owner of said real estate.

It is alleged that on February 12, 1918, the tax col-
lector of Dent County instituted suit against Rutledge
& Taylor Coal Company" for taxes due on certain Dent
County land for the year 1916. Service was had by pub-
lication. The petition in said tax suit alleged "that the
defendant Rutledge & Taylor Coal Company is a non-
resident of the State of Missouri, and cannot be served
in this State in the manner prescribed in Chapter 21 of
the Revised Statutes 1909." The order of publication

based on this allegation was published in the same man-
ner, directed to "Rutledge & Taylor Coal Company"
defendant. Judgment was rendered in the tax suit afore-
said, on April 8, 1918, on the constructive service afore-
said, and the land in controversy was sold under said
judgment, on special execution, to the defendants here-
in, J. Frank Dent and George A. Dent, and a sheriff's
deed made to them therefor on August 14, 1918.

The defendants answered, and admitted that they
purchased the land in question under said tax judgment
and sale, in good faith, believing at the time they were
obtaining a good title thereto. They further allege, that
they filed a suit against this respondent, had proper
service, and recovered a judgment against respondent
quieting the title to said land against this plaintiff; that
said judgment is *res adjudicata,* and plaintiff is estopped
and barred from prosecuting this action, etc.

Plaintiff filed a reply in the form of a general denial.

The plaintiff at the trial of this cause offered in evi-
dence a warranty deed to it from W. P. Robertson and
R. May Robertson, his wife, dated December 24, 1909,
for the expressed consideration of $800 conveying the
land in controversy to plaintiff. The latter also offered
in evidence the tax petition, and all the records, process,
pleadings, etc., in said tax suit, including the tax judg-
ment, special execution, report of sale and tax deed con-
veying said real estate to these appellants. The above
includes all the testimony offered by respondent in this
action.

Defendants' evidence tended to show that appellants
paid a valuable consideration for the land in question,
in good faith, believing they had acquired a good title
to same. The defendants then read in evidence, without
objection, the petition filed by them in the circuit court
aforesaid, against this respondent et al., at the Novem-
ber Term, 1919, to quiet title to the land in controversy.
They also offered in evidence, without objection, the
order of publication, made and published in the above
action against this plaintiff and others to quiet and deter-

mine title to the above land. Appellants next offered in evidence, without objection, the decree of the circuit court, in the above action to quiet title, which, among other things, declared appellants to be the owners of said real estate, and, further declared that whatever interest this respondent had in said land "is hereby vested in plaintiffs, in fee simple" etc.

The decree of the court in the above action to quiet title, was filed for record in Dent County aforesaid on January 21, 1920, and recorded in said county. The present action was commenced on June 18, 1921.

The foregoing covers all the evidence that was submitted by both parties to the action. The trial court found the issues herein in favor of plaintiff and rendered its decree accordingly. Appellants in due time, filed motions for a new trial and in arrest of judgment, both of which were overruled and the cause duly appealed by them to this court.

I. Plaintiff, who was originally the record owner of the real estate in controversy, brought this action to set aside and cancel a tax sale of said **Res Adjudicata.** land, and the deed made to these defendants, under said proceedings. The appellants answered with a general denial, and asserted, that they bought said land at the tax sale, in good faith, believing that they had acquired a good title thereto, etc. They further pleaded a judgment in their favor, rendered in the Circuit Court of Dent County against this plaintiff, where the title to said real estate was declared to be in these defendants, and plaintiff herein divested of any interest, or claim in said land. The plaintiff filed a general denial, by way of reply, to the new matter in said answer.

Before passing to a consideration of plaintiff's case in its attack on the tax proceedings, it will be necessary to determine on the record before us, whether the judgment aforesaid, in favor of appellants in the action to quiet title, is *res adjudicata,* and is a bar to plaintiff's action. In passing upon this question, it will not be nec-

essary to determine the validity or invalidity of the tax proceedings and deed thereunder made to these appellants. The latter, to sustain their plea of *res adjudicata,* offered in evidence *without objection,* the petition filed by them in the Dent Circuit Court at the November Term, 1919, thereof, against the plaintiff herein and others, in which it is alleged that they claim some interest in or title to said land. Said petition charges that: "The Rutledge & Taylor Coal Company is a corporation of another State, kingdom or country and cannot be served in the manner prescribed by statute."

It alleged that these appellants were the owners in fee simple of the real estate involved in this action, which was described therein. The petition ended with a prayer in which the circuit court aforesaid was asked to ascertain and determine the estate, titles and interest of the parties to this action in and to the real estate aforesaid. The court was further asked by its decree to adjudge, determine, settle, quiet and define the respective rights, titles, etc., of plaintiffs and defendants to said real property. The court was asked, if it was found that these appellants were the sole owners of said land, that a decree be entered of record forever barring and precluding the defendants, and each of them in said action, etc., from hereafter setting up any title or claim to said property and for general relief, etc.

The above petition was sworn to by counsel for said plaintiffs on September 30, 1919, and on the same day an order of publication in proper form, based upon said petition, was properly published and offered in evidence by defendants herein without objection. Appellants then offered in evidence, without objection, the decree rendered by the court on December 5, 1919, in the above action to quiet title to the lands aforesaid. The decree recites that an attorney was appointed to defend nonresidents and he filed an answer in their behalf. The court found the issues in said action in favor of these appellants, and against this respondent. It concludes its decree with the following:

"Wherefore it is considered, adjudged and decreed by the court that the title to the said above described real estate is vested in plaintiffs in fee simple and that they are the absolute owners of all of said real estate and the defendants, . . . have no right, claim, interest, estate or title whatever in or to said real estate or any part thereof, or no lien thereon; and that said defendants and each of them are precluded from asserting or making any claim whatever to the said real estate or any part thereof."

The above decree was duly recorded in the Recorder's office of Dent County, Missouri, on January 21, 1920.

The present action was commenced June 18, 1921. The decree in the action to quiet title was rendered December 5, 1919, and recorded as above indicated, showing that respondent herein had ample time, before the expiration of the two years allowed by law, to have appeared to said action and moved the court to set the decree aside, if any valid grounds existed therefor. We are then confronted with a valid judgment, in behalf of these appellants, on constructive service, in which a regular decree is entered in behalf of appellants herein against this respondent, decreeing said appellants to be the legal owners thereof in fee simple, and divesting this respondent of all interest in, or claim to said land. As no attack is made on the proceedings to quiet title, and no objections were made to the testimony offered to establish the validity of same, it simply leaves for our consideration the legal effect of said decree as a bar to plaintiff's recovery herein.

Section 1970, Revised Statutes 1919, under which the action to quiet title was brought, reads as follows:

"Any person claiming any title, estate or interest in real property, whether the same be legal or equitable, certain or contingent, present or in reversion, or remainder, whether in possession or not, may institute an action against any person or persons having or claiming to have any title, estate or interest in such property, whether in possession or not, to ascertain and determine

the estate, title and interest of said parties, respectively, in such real estate, and to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property. And upon the trial of such cause, if same be asked for in the pleadings of either party, the court may hear and finally determine any and all rights, claims, interests, liens and demands whatsoever of the parties, or of any one of them, concerning or affecting said real property, and may award full and complete relief, whether legal or equitable, to the several parties, and to each of them, as fully and with the same force and effect as the court might or could in any other or different action brought by the parties, or any one of them, to enforce any such right, claim, interest, lien or demand, and the judgment or decree of the court when so rendered shall be as effectual between the parties thereto as if rendered in any other, different or separate action prosecuted therefor.''

This statute is practically as broad and farreaching in its terms as language can make it. Its provisions have been liberally construed by the courts in order to simplify the issues in this class of cases. In construing the above section we have held that a party claiming an terest in real estate under a defective title may hail into court another person claiming *some* interest in said land and call upon the court to determine as between said parties, *which* has the better title. [Brooks v. Roberts, 195 S. W. (Mo.) 1019; Dowd v. Bond, 199 S. W. (Mo.) 954; Deal v. Lee, 235 S. W. (Mo.) l. c. 1055; Barr v. Stone, 242 S. W. (Mo.) l. c. 664; Barnett v. Hastain, 256 S. W. (Mo.) l. c. 752.] In upholding the liberal provisions of said section, we have held that a plaintiff has no legal right to dismiss his case, and deprive defendant of the right to have the title to certain land litigated where the defendant in his answer has asked the court to ascertain and determine the respective titles to such real estate. [Barron v. Wright-Dalton-Bell-Anchor Store Co., 237 S. W. (Mo.) l. c. 789; Adams v. Cary, 226 S. W. (Mo.) l. c. 834; Craig v. Bright, 213 S. W. (Mo.)

845; State ex rel. v. McQuillin, 246 Mo. 517, 152 S. W. 347.] The decree aforesaid to quiet and determine title to the real estate in controversy was entered of record on December 5, 1919. This decree rendered on constructive service was, as between the parties, essentially a conditional judgment, and became final at the expiration of the two years from December 5th, supra. [Sec. 1978, R. S. 1919; Osage Investment Co. v. Sigrist, 298 Mo. 139; Mirick v. Booten, 304 Mo. 1, 262 S. W. 1038.]

The opinion in the Mirick-Booten case, sets out the provisions of our statute relating to cases of this character, and specifically pointed out the course which should have been pursued by the plaintiff herein to have said decree opened for review if it desired to litigate the issues presented here. As no motion was filed by respondent herein within two years from the date of the decree entered on December 5, 1919, to open said decree, it is barred from prosecuting this action under the provisions of Section 1978, Revised Statutes 1919. The above decree quieting title to said land was properly recorded in Dent County, Missouri, under the provisions of Section 1979, Revised Statutes 1919, on January 21, 1920, and imparted notice to respondent herein that said decree had been entered of record on December 5, 1919. We accordingly hold that the decree quieting title in these appellants is a complete bar to plaintiff's right of recovery.

II. In the petition herein, after alleging that plaintiff bought the land from W. P. Robertson on December 24, 1909, it is then asserted: *"That from the time the plaintiff acquired said real estate it has never parted with its title thereto, and that by reason of the facts aforesaid said plaintiff is now the owner in fee simple of all of said real estate."* (Italics ours).

Title: Complete Adjudication.

Under paragraph two of plaintiff's brief, counsel say: *"Respondent admits that at the date of the rendition of the quiet-title decree it did not own said land*

*and that these appellants, J. Frank Dent and George A. Dent, then owned it all.* . . . The only matter adjudicated in the quiet-title action was a thing we admit, namely, that appellants then owned the land. . . . The quiet-title decree simply determined·that at the date of its rendition the appellants held complete title to the land in question. It was a correct determination of that action.''

We gather from the remainder of respondent's brief that its counsel seem to be of the impression that as appellants had acquired a tax deed to the real estate in controversy, there was nothing to litigate over in the action to quiet title. We are of the opinion that respondent's counsel entertain an erroneous idea of the legal effect of the judgment rendered on December 5, 1919. When respondent was hailed into court to answer the petition in the action to quiet title, it was notified in legal effect that it must defend its title and interest of every kind and description in said land. It was bound to know, as a matter of law, that under the above statute and decisions of our courts, the judgment rendered in the suit to quiet title, unless set aside during the two years heretofore mentioned, made these appellants the absolute owners in fee simple of the land in question, and divested this respondent of all interest therein, and vested the same in defendants. [Jennings v. Cherry, 257 S. W. (Mo.) l. c. 440-1; Bobb v. Kier, 246 S. W. l. c. 928 and numerous cases cited; Case v. Sipes, 280 Mo. l. c. 120-1-2, 217 S. W. 306; Craig v. Bright, 213 S. W. (Mo.) l. c. 846; Realty & Development Co. v. Norman, 259 Mo. l. c. 631-2; Seaman v. Seaman, 181 S. W. (Mo.) l. c. 24; State ex rel. v. McQuillin, 246 Mo. l. c. 533, 152 S. W. 347; Boas v. Branch, 208 S. W. l. c. 86, and cases cited (Mo.); Spratt v. Early, 199 Mo. l. c. 500; Donnell v. Wright, 147 Mo. l. c. 648.]

The plaintiff in this action to set aside the tax judgment, tax deed, etc., has simply made these appellants, J. Frank Dent and George A. Dent, defendants. The suit to quiet title was brought by these appellants against

this respondent and others. The title to the real estate in question was before the trial court for adjudication in both actions. If respondent had appeared to the action and had asked the court to quiet and determine the title to said real estate he could have litigated in said action the same matters which it is now attempting to assert in the present action. Even if the respondent had appeared to the suit to quiet title, and had failed to ask the trial court to ascertain and determine same, yet under the allegations of appellants' petition in said cause it would have been the duty of the court to do so.

There is no necessity for discussing this subject further. Considered from any view point, we have reached the conclusion that the decree rendered in the action to quiet and determine title to the real estate in controversy vested the title thereto in these appellants, and precludes the right of respondent to maintain this action.

The judgment below is accordingly reversed and remanded with directions to the trial court to set aside its decree in favor of plaintiff, and to dispose of the case in accordance with the views heretofore expressed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.